FILED
United States Court of Appeals
Tenth Circuit

March 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RAFAEL MARQUEZ-PINEDA,

Defendant–Appellant.

No. 08-3214

(D.C. No. 08–CR–10039–MLB–1)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

Defendant pled guilty to illegal re-entry subsequent to a felony conviction for possession of cocaine. Despite the prosecution's recommendation for a sentence within the twenty-four to thirty-month Guidelines range, the trial court departed upward to a sixty-month sentence. In support of its decision the court said:

> [D]efendant has illegally re-entered the United States eight times. Defendant has used over thirty aliases, including one on his Kansas driver's license, sixteen different dates of birth and five different social security numbers. Any or all of these factors justify an upward variance. After all, a defendant with only one prior felony

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This case was ordered submitted on the briefs on March 2, 2009.

conviction who has not tried to hide his identity and who has illegally re-entered the country only once can be convicted of violating 8 U.S.C. § 1326(a) and (b)(1). This case clearly "stands out" from the offense conduct generally even without considering defendant's eight DUI convictions and at least six DUI arrests.

(R. Vol. I, Doc. 15 at 3.)

On appeal, Defendant raises three claims of error. He claims (1) the court violated the relatedness principle by considering the DUI convictions and arrests, (2) the court erroneously double-counted the DUI convictions, and (3) the sentence created an unwarranted disparity between defendants committing the crime of illegal re-entry.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 591 (2007). First, we assess whether the district court committed any "significant procedural error, such as . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 597. If the sentence is "procedurally sound," we assess whether it is substantively reasonable, considering "the totality of the circumstances, including the extent of any variance from the Guidelines range," and giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

Defendant's challenge based on the relatedness principle relies primarily on

his interpretation of *United States v. Allen*, 488 F.3d 1244 (10th Cir. 2007). However, we conclude that *Allen* does not preclude the district court's use of unrelated criminal activity to decide on a reasonable sentence under § 3553. We find no abuse of discretion in the court's consideration of Defendant's unrelated criminal conduct in deciding to vary upward from the Guidelines.

We also conclude that the trial court did not abuse its discretion when it used the DUI convictions both to calculate Defendant's criminal history and in support of the upward variance. We have held that sentencing courts have discretion when considering a variance under § 3553 to consider facts already accounted for in the advisory Guidelines range. *See United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1222 (10th Cir. 2008); *United States v. Smart*, 518 F.3d 800, 808-09 (10th Cir. 2008). Moreover, the court here did not rely exclusively on the DUI convictions to support the upward variance but also relied on Defendant's repeated re-entry convictions and his demonstrated failure to be reformed by his prior sentences, as well as his use of aliases and false identifying information.

We conclude that the sentence in the case does not violate concerns regarding unwarranted disparity in sentencing. While the Guidelines give the district court "a measure of national practice," "the district court will have 'greater familiarity with the individual case and the individual defendant before him than the Commission.'" *Smart*, 518 F.3d at 808 (quoting *Kimbrough v.*

*United States*, 128 S. Ct. 558, 574 (2007)). In this case, the court properly used the Guidelines as a starting point to avoid disparity, then adjusted the sentence to reflect the facts of the case and Defendant's individual history and characteristics. Any disparity is justified by the record facts: Defendant's use of aliases and false identifying information, his numerous DUI arrests and convictions, and his repeated illegal re-entries.

**AFFIRMED.**

Entered for the Court


Monroe G. McKay
Circuit Judge