# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1396

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Juan Malagon-Avila, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 16, 2009
Filed: December 4, 2009

_____

Before WOLLMAN, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Juan Malagon-Avila (Malagon-Avila) pled guilty to reentering the United States illegally after a prior deportation, in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced Malagon-Avila to 12 months imprisonment for his crime. Malagon-Avila appeals his sentence.

Malagon-Avila argues the district court abused its discretion by (1) failing adequately to explain the reasons for choosing his sentence, and (2) ignoring the

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

disparity between his sentence and the sentences of similarly situated defendants. Malagon-Avila stresses the advisory United States Sentencing Guidelines (Guidelines) recommended a sentence between 0 and 6 months imprisonment.

The district court did not abuse its discretion. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (setting forth standard of review). The record reveals the district court explained, with sufficient specificity, the reasons for the sentence the court imposed. The district court emphasized Malagon-Avila's extensive criminal record, reflecting arrests in thirteen different states, and use of thirty-one aliases, ten phony dates of birth, and nine bogus social security numbers. See United States v. Barrett, 552 F.3d 724, 726-27 (8th Cir. 2009) (holding 18 U.S.C. § 3553(a) permits courts to vary upward based on recidivism or underrepresented criminal history); United States v. Marquez-Pineda, 318 F. App'x 673, 675 (10th Cir. 2009) (holding the district court did not abuse its discretion in varying upward to a sentence twice the defendant's Guidelines range, in part because the defendant used more than thirty aliases, sixteen dates of birth, and five social security numbers). We cannot say the district court's reliance upon these relevant facts, which Malagon-Avila does not dispute, resulted in an unreasonable sentence.

We find no indication the district court ignored any possible sentencing disparity between Malagon-Avila's sentence and the sentences of similarly situated defendants. To the contrary, the district court stated on the record at Malagon-Avila's sentencing hearing that it considered all of the § 3553(a) factors in arriving at his sentence. Nothing more was required. See Feemster, 572 F.3d at 461 (stating district courts need not "'provide a mechanical recitation of the § 3553(a) factors when determining a sentence'" (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009))).

We affirm.

_____

-2-