**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL D. WELCH,

    Defendant-Appellant.

No. 10-3305

(D.C. No. 2:10-CR-20045-JWL-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **BALDOCK,** Circuit Judges, and **BRORBY**, Senior Circuit Judge.[**]

---

After getting caught attempting to shoplift ammunition, Defendant Michael Welch pled guilty without a plea agreement to possessing ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 204 months' imprisonment. Defendant timely appeals, challenging the sentence's procedural reasonableness. Pursuant to our appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Upon accepting Defendant's guilty plea, the district court ordered the preparation of a presentence report (PSR). In the process of being transported to federal court for his presentence interview, Defendant engaged in a physical altercation with a deputy United States Marshal. The PSR took this conduct into account. The PSR first determined Defendant's total offense level was thirty-three because of his undisputed classification as an Armed Career Criminal under 18 U.S.C. § 924(e) based upon his three prior convictions for violent felonies or serious drug offenses. U.S.S.G. § 4B1.4(b)(3)(B). Then, the report declined to recommend Defendant a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 based upon the physical altercation with the deputy which "appear[ed] to rise to the level of a felony offense, pursuant to 18 U.S.C. § 111(a)." Record On Appeal (ROA) Vol. 3 at 6 (sealed). An offense level of thirty-three combined with Defendant's criminal history category of IV produced a Sentencing Guidelines range of 188 to 235 months. Additionally, by virtue of his armed career criminal status under § 924(e), Defendant faced a mandatory minimum sentence of 180 months. 18 U.S.C. § 924(e)(1).

Defendant challenged the PSR's denial of an acceptance of responsibility reduction prior to sentencing, claiming the deputy U.S. Marshal acted as the aggressor. The district court held a sentencing hearing, considering Defendant's objection and hearing evidence regarding the altercation, including the testimony of

the deputy U.S. Marshal. Finding the deputy's account of the incident credible, the district court denied Defendant the three-level reduction for acceptance of responsibility. Therefore, the district court had, as the PSR advised, a Guidelines range of 188 to 235 months to consider. The court then went on to conclude that "the sentence which is sufficient but not greater than necessary to carry out Congress' objectives" was 204 months' imprisonment. ROA Vol. 2 at 49–50. It explained it reached that within-range sentence by adding what it believed to be Defendant's likely sentence if he had been convicted of assaulting a federal officer under 18 U.S.C. § 111—twenty-four months—to the 180 month mandatory minimum sentence under § 924(e)(1). The court further explained that in calculating Defendant's sentence it considered the sentencing factors of 18 U.S.C. § 3553(a) including, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant." Id. at 52. The court specifically mentioned Defendant's "extremely serious and lengthy criminal history . . . . [including] convictions or adjudications for attempted aggravated battery, aggravated battery, battery, and two robbery convictions," his battery upon the deputy U.S. Marshal, and the seriousness of shoplifting ammunition "in light of his criminal history and his being a prohibited individual." Id. at 52–53. After imposing this sentence, the district court asked Defense counsel if he had "anything on behalf of [Defendant]." Id. at 56. He replied, "No, there's not." Id. Defendant did not raise any objections to the imposed sentence before the district court.

3

II.

On appeal, Defendant argues the district court used an unreasonable method to calculate his sentence, violating his Sixth Amendment rights and United States v. Allen's, 488 F.3d 1244 (10th Cir. 2007), "relatedness principle." Ordinarily, we review a "defendant's sentence for reasonableness, deferring to the district court under the 'familiar abuse-of-discretion standard of review.'" United States v. Lewis, 625 F.3d 1224, 1231 (10th Cir. 2010) (quoting Gall v. United States, 552 U.S. 38, 46 (2007)). We review for both procedural and substantive reasonableness. Id. "The procedural component focuses on the manner in which the sentence was calculated, and the 'substantive component concern[s] the length of the sentence actually imposed.'" United States v. Masek, 588 F.3d 1283, 1290 (10th Cir. 2009) (quoting United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008)). "A sentence imposed within the properly calculated advisory range is entitled to a rebuttable presumption of reasonableness." Lewis, 625 F.3d at 1231. But because Defendant did not raise his claims of procedural unreasonableness before the district court, we review for plain error. United States v. Magallanez, 408 F.3d 672, 683 (10th Cir. 2005). "'Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Burbage, 365 F.3d 1174, 1180 (10th Cir. 2004) (quoting United States v. Price, 265 F.3d 1097, 1107 (10th Cir. 2001)). Ultimately, we conclude the district court did not err in fashioning

4

Defendant's sentence.

A.

Defendant claims the district court violated his Sixth Amendment right to trial by jury, as expounded upon in United States v. Booker, 543 U.S. 220 (2005), by adding twenty-four months to his sentence based upon uncharged, unconvicted, and unadmitted conduct. First, we must note Defendant challenges neither the district court's factual conclusion that he assaulted the deputy U.S. Marshal nor its refusal to grant him a three-level reduction for acceptance of responsibility on the basis of that assault.[1] Defendant, therefore, concedes that the 204-month sentence he received falls within the applicable Guidelines range of 188 to 235 months. Second, we have repeatedly held, even after Booker, that a court may consider uncharged conduct for sentencing purposes, so long as it is proved by a preponderance of the evidence and does not mandatorily enhance a defendant's maximum sentence. Magallanez, 408 F.3d at 684–85; United States v. Lauder, 409 F.3d 1254, 1269 (10th Cir. 2005). We, as a result, are bound to conclude the district court committed no Sixth Amendment error in sentencing Defendant within the applicable Guidelines

---

[1] And, likely for good reason. A district court may consider, "in its discretion, criminal conduct unrelated to the offense of conviction in determining whether a defendant qualifies for an adjustment for acceptance of responsibility under § 3E1.1." United States v. Prince, 204 F.3d 1021, 1024 (10th Cir. 2000). In Prince, we concluded a district court did not abuse its discretion in denying the defendant an adjustment for acceptance of responsibility based upon reports of his stabbing another prisoner while awaiting sentencing. Id.

range, but above the statutory minimum, based upon its determination that he assaulted the deputy. See United States v. Pugh, 380 F. App'x 776, 780 (10th Cir. 2010) (rejecting the defendant's Fifth and Sixth Amendment arguments in concluding the district court's imposing a sentence thirty-eight months longer than the high end of the applicable Guidelines range based upon the defendant's uncharged involvement in two drive-by shootings was not procedurally unreasonable).

B.

Lastly, Defendant argues the district court's imposing an additional twenty-four months based upon conduct unrelated to the offense of conviction violates the "relatedness principle" we enunciated in United States v. Allen, 488 F.3d 1244 (10th Cir. 2007). In Allen, we held it was unreasonable for a district court to impose a sentence more than two-and-a-half times the top end of the applicable Guidelines range based upon unrelated and uncharged conduct. 488 F.3d at 1245. "The question posed by [Allen], however, . . . [was] not whether consideration of [the defendant]'s unrelated, unadjudicated, and dissimilar actions was improper, but whether the weight to give to those actions was excessive." Id. at 1259. A sentencing court remains free to consider unrelated, uncharged conduct in fashioning a reasonable sentence. Id. at 1245; see also United States v. Marquez-Pineda, 318 F. App'x 673, 675 (10th Cir. 2009) ("[W]e conclude that Allen does not preclude the district court's use of unrelated criminal activity to decide on a reasonable sentence under § 3553."). "No limitation shall be placed on the information concerning the

6

background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

In stark contrast to the facts of <u>Allen</u>, the district court in this case properly calculated the applicable Guidelines range and selected a sentence within that range based upon Defendant's history, characteristics, and conduct, including his assault of the deputy U.S. Marshal. We, therefore, find no error in the method the district court used to craft Defendant's sentence. <u>See</u> <u>Marquez-Pineda</u>, 318 F. App'x at 675 ("We find no abuse of discretion in the court's consideration of Defendant's unrelated criminal conduct in deciding to vary upward from the Guidelines.").

For the foregoing reasons, the district court's imposition of a 204-month sentence is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge