FILED
United States Court of Appeals
Tenth Circuit

October 2, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellant, | |
| v. | No. 14-3002 |
| | (D. Kansas) |
| LUIS ZAMARRIPA-FAVELA, | (D.C. No. 6:13-CR-10127-MLB-1) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and Appellant, Luis Zamarripa-Favela, pled guilty to one count of illegal re-entry into the United States following a prior deportation after

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

conviction for a felony, in violation of 8 U.S.C. § 1326(a) and (b). He was sentenced to thirty-six months' imprisonment, above the advisory sentencing range provided by the United States Guidelines Commission, Guidelines Manual ("USSG"). Arguing that his sentence is procedurally and substantively unreasonable, Mr. Zamarripa-Favela appeals. For the following reasons, we affirm his sentence.

## BACKGROUND

Mr. Zamarripa-Favela was found in the United States on July 23, 2013, and it was determined that he was illegally in the country. A one-count indictment was accordingly filed, charging him with violating 8 U.S.C. § 1326(a) and (b). As indicated, Mr. Zamarripa-Favela pled guilty to that single count.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR"), which calculated a total offense level of 10 which, with a criminal history category of IV, yielded an advisory Guidelines sentencing range of fifteen to twenty-one months. The PSR also suggested that a sentence outside the advisory Guidelines range might be appropriate because of the number of Mr. Zamarripa-Favela's prior illegal reentries to the United States and removals, as discussed more fully below.

Also prior to sentencing, the district court sent a letter to the parties, pursuant to Fed. R. Crim. P. 32(h), stating that it was considering an upward

variance in Mr. Zamarripa-Favela's sentence. The letter expressed the district court's concern about the number of Mr. Zamarripa-Favela's prior illegal entries (fifteen, as stated in the letter); his asserted use of "more than a dozen aliases, which is a clear indication that he wants to hide his true identity;" and his "four convictions for DUI." 11/12/2013 letter at 1; R. Vol. 1 at 23. The court stated that:

> common sense, if nothing else, suggests that defendant has driven under the influence on many other occasions but just has not been caught. If anything, defendant's DUI history is more serious than his illegal reentry history because illegal entry does not, in and of itself, have the same potential for causing injury or death to innocent persons that driving under the influence does. It is clear beyond any dispute that defendant has no respect for the laws of this country and that his previous periods of incarceration, which are minimal, have not deterred him from criminal conduct.

Id. The court further stated that it had "departed upward on other defendants for essentially the same reasons and those sentences have been affirmed on appeal." Id. (citing United States v. Angel-Guzman, 506 F.3d 1007, 1018 (10th Cir. 2007); United States v. Marquez-Pineda, No. 08-3214, 2009 WL 799018 (10th Cir. March 27, 2009) (unpublished)).

On February 27, 2014, Mr. Zamarripa-Favela filed a sentencing memorandum, in which he admitted he had four prior DUI convictions and ten (not fifteen) prior illegal re-entries into the United States. The memorandum also stated that he had returned to the United States primarily because of his family (his wife and three young children, two of whom have serious medical problems).

He requested a downward departure to either time served or to a sentence within the advisory range of fifteen to twenty-one months. Mr. Zamarripa-Favela attempted to distinguish the two cases cited by the district court in its Rule 32 letter, and he further stated that, while he did have four prior DUI convictions, "only one of them occurred in the last nine years . . . [and] two of these offenses are more than ten years old." Sent. Mem. at 5; R. Vol. 1 at 33. He also opined that his "immigration history also warrants a closer look. It appears [he] has either been returned or removed from the United States on ten occasions. . . Notably, the first four of these were handled as voluntary returns and occurred during a two-seek span more than fifteen years ago. Of the six remaining removals and returns, five are more than three years old." Id. at 6; R. Vol. 1 at 34. Finally, he suggested that "eight criminal history points may overstate the seriousness of the Defendant's record, as he received two points for each of his prior convictions[,] . . . [and] none of his prior convictions involves violence, firearms, weapons of any sort, or drug trafficking." Id. at 6-7.

At the sentencing hearing, the court noted that it had reviewed everything that had been filed. Mr. Zamarripa-Favela's counsel reiterated the concerns expressed in his sentencing memorandum, including Mr. Zamarripa-Favela's concern for and devotion to his family, his lack of a violent criminal history, and counsel raised the general social issue of illegal immigration and Congress's "grappling" with it. Tr. of Sentencing at 5; R. Vol. 3 at 7. The district court, in

turn, noted that Mr. Zamarripa-Favela had returned to the United States illegally ten times, and it reiterated his DUI history, stating:

> Well, you know, I still stand by what I said in my letter. It's so hard for me to believe a defendant who says I'll never come back when he's already done this around ten times. Now, I recognize that he has a family here. He apparently has some family in Mexico; but the close family is here in the United States and that draw is just not something that can be overlooked. I'm not saying that he's lying when he says that he won't come back. I'm just saying that his past history and the reality of things suggests that he will. . . . But the thing that concerns me, and I said it in the letter and I'm incorporating the letter by reference here, is the D.U.I.s. And I know that some of them are relatively old; but I will tell you that I think that this indicates to me that this defendant drinks and drives and . . . there's no way that, if you have four D.U.I.s, that's the only four times in the history of the world that the Defendant has driven while drunk. And people get killed and injured by drunk drivers and I'm just not going to overlook that.

> . . . But I think in order to meet the requirements of Section 3553, mainly to ensure and protect the public, I just don't think a guideline sentence will be sufficient. I just cannot accept that this Defendant will not return to the United States; and if nothing else, maybe a sentence – and I intend to impose a 36-month sentence – will somehow get the message across to him that he cannot come back and that he cannot drink and drive.

Id. at 6-7; R. Vol. 3 at 8-9. The court then varied upward from the advisory Guidelines sentencing range, sentencing Mr. Zamarripa-Favela to thirty-six months' imprisonment. This appeal followed.

## DISCUSSION

Mr. Zamarripa-Favela argues his sentence is procedurally unreasonable because the district court based it "on unproven drunken-driving conduct and its general concern about drunken driving, not Mr. Zamarripa-Favela's record or a careful consideration of the applicable Guidelines range. . . [and] by failing to address adequately his reasons for returning to the United States." Appellant's Br. at 2. He argues his sentence is substantively unreasonable because "the nature of the offense and his history and characteristics do not justify a 15-month upward variance." Id.

"On appeal, the district court's sentence is reviewed for reasonableness under an abuse-of-discretion standard." Peugh v. United States, 133 S. Ct. 2072, 2080 (2013). Sentencing review proceeds in two steps. First, we examine whether the court committed procedural error. United States v. Lente, 647 F.3d 1021, 1030 (10th Cir. 2011). This step includes reviewing the district court's Guidelines calculation; in that process, legal conclusions are reviewed de novo and factual findings for clear error. United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam).

Second, "[a]ssuming that the district court's sentencing decision is procedurally sound," we turn to the substantive reasonableness of the sentence, which we review for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). We "review all sentences–whether inside, just outside, or significantly outside the Guidelines range–under a deferential abuse-of-discretion standard."

Id. at 41. Furthermore, "to win a substantive reasonableness appeal is no easy thing." United States v. Fraser, 647 F.3d 1242, 1247 (10th Cir. 2011) (internal quotation marks omitted). "In any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guidelines range." United States v. Martinez-Barragan, 545 F.3d 894, 904 (10th Cir. 2008).

As indicated, Mr. Zamarripa-Favela challenges both the procedural and the substantive reasonableness of his sentence. We consider first his argument that the court erred procedurally by considering unproven and presumed drunken driving incidents, rather than Mr. Zamarripa-Favela's "actual" record, and by failing to address his reasons for returning to the United States.

With regard to Mr. Zamarripa-Favela's argument regarding drunken driving, Mr. Zamarripa-Favela makes three specific allegations of error: first, he claims the district court speculated that he had engaged in other drunken-driving incidents, in the face of "little evidence in the record to support this claim;" second, the district court's "policy concerns about drunken driving do not justify the upward variance in this case;" and third, his DUI convictions were already included in his criminal history calculation, and therefore should not have also be considered in calculating a reasonable sentence.

Considering this last argument first, we find no abuse of discretion or error in the district court's use of the DUI convictions both to calculate Mr. Zamarripa-Favela's criminal history and in support of its upward variance. We have held

that sentencing courts have discretion, when considering a variance under § 3553, to consider facts already accounted for (as in calculating criminal history) in determining the advisory Guidelines range.  See United Sates v. Alapizco-Valenzuela, 546 F.3d 1208, 1222 (10th Cir. 2008); United States v. Smart, 518 F.3d 800, 808-09 (10th Cir. 2008).  Furthermore, the court here did not rely exclusively on the DUI convictions to support the upward variance; rather, the court also relied on Mr. Zamarripa-Favela's repeated re-entry convictions and his demonstrated failure to be reformed by his prior sentences, as well as his use of aliases.  See United States v. Marquez-Pineda, 318 Fed. Appx. 673, 675 (10th Cir. 2009 ) (unpublished).[1]

With respect to the district court's reliance on suspected uncharged drunken driving incidents, we have stated that "the district court could sentence [the defendant] based on uncharged conduct."  United States v. Thomas, 749 F.3d 1302, 1316 (10th Cir. 2014).  Finally, to the extent the district court expressed "policy concerns" about the severity of drunken driving in selecting a sentence, we perceive no abuse of discretion or improper application of the Guidelines.  We have stated in another case involving a different defendant with a history of drinking and driving conduct that "imposing a harsher sentence based on [the defendant's] long history with alcohol and potential threat in the future is not

---

[1]While our court does not recognize unpublished cases as binding authority, we cite this case because it is very similar factually to the instant case and succinctly states applicable Tenth Circuit authority.

unreasonable." United States v. Valtierra-Rojas, 468 F.3d 1235, 1242 (10th Cir. 2006); see also, United States  v. Lente, __ F.3d __, __ 2014 WL 3537830, at *17 (10th Cir. 2014) (discussing cases involving DUIs in particular defendant's past ); United States v. Spencer, 387 Fed. Appx. 841, 845 (10th Cir. 2010) (unpublished) ("[Defendant's] repeated decisions to drive while under the influence . . . support the court's determination that a variance was necessary to promote respect for the rule of law and to impose just punishment.").

Additionally, to the extent Mr. Zamarripa-Favela disagrees with the district court's claimed policy concerns about drunken driving and its claimed reliance on those concerns to justify the upward variance in this case, we have stated that "a sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory guideline range based on disagreements with the policies underlying a particular Guideline provision." United States v. Wilken, 498 F.3d 1160, 1172 (10th Cir. 2007) (internal quotation marks omitted). We similarly cannot say that a sentence is unreasonable because policy concerns influenced the sentencing court's decision to vary upwards.

Mr. Zamarripa-Favela also argues the district court procedurally erred by failing to properly or fully consider his reasons for returning to the United States. We disagree with Mr. Zamarripa-Favela's characterization of the district court's sentencing decision. The court took note of Mr. Zamarripa-Favela's family ties to the United States and considered those ties during sentencing. Indeed, defense

counsel emphasized this issue during the sentencing hearing, so the district court was well aware of it. Furthermore, the district court is not obligated to explain in detail its reasons for selecting the sentence it chooses, even when there is an upward variance. The district court's explanation "need not be overly detailed." Alapizco-Valenzuela, 546 F.3d at 1223 (further quotation omitted). Moreover, the district court left no doubt as to its reasons (concern about Mr. Zamarripa-Favela's repeated illegal reentries, DUIs, and failure to display any concern for the law) for selecting the sentence it did.

With regard to the substantive reasonableness of his sentence, substantive reasonableness addresses whether the sentence length is reasonable given all the circumstances of the case in light of the § 3553(a) factors. See United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008). In reviewing the substantive reasonableness of a sentence, "[w]e may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between then," but must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Smart, 518 F.3d at 805, 808. "Although the degree of variance from the Guidelines range remains a consideration on appeal, it may not define our threshold standard of review." Id. at 807 (internal citation omitted).

In this case, the court considered the relevant sentencing factors. As explained, we need not examine the weight it assigned to those factors or its

ultimate assessment of the balance between them.  Rather, we give due deference to its decision that the § 3553(a) factors, as a whole, justify the variance. See id. at 802, 808.

In sum, Mr. Zamarripa-Favela has not demonstrated that his upward variant sentence is either procedurally or substantively unreasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge