**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LINO DOMINGUEZ-BARRADAS,

    Defendant - Appellant.

No. 23-2003
(D.C. No. 2:22-CR-01367-MIS -1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Lino Dominguez-Barradas ("Mr. Dominguez") pleaded guilty to illegal reentry into the United States. The district court sentenced him to 36 months' imprisonment, varying upward from the U.S. Sentencing Guidelines range of 15 to 21 months. Mr. Dominguez appeals, arguing that his sentence was substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## I.    BACKGROUND

Mr. Dominguez, a citizen of Mexico, was convicted of Second Degree Criminal Sexual Conduct in Minnesota in 2008 for the abuse of one of his stepdaughters and sentenced to 48 months' incarceration, ten years of conditional release, and lifetime registration as a sex offender. The victim alleged Mr. Dominguez had sexually abused her several times and had sexually abused her sister two years earlier. Mr. Dominguez was released from custody on July 1, 2010, and removed from the United States on July 9, 2010, returning to Mexico. On May 31, 2022, United States Border Patrol agents arrested Mr. Dominguez in New Mexico. Mr. Dominguez admitted to being a citizen of Mexico without legal authorization to enter or remain in the United States. Federal authorities charged Mr. Dominguez with re-entering the United States after having previously been removed, in violation of 8 U.S.C. §§ 1326(a) and (b), and Mr. Dominguez pleaded guilty to the offenses.

A Presentence Investigation Report ("PSR") summarized the facts of his 2008 charges and conviction and set his offense level at 13 and criminal history category at II. His Guidelines sentencing range was therefore 15 to 21 months. The PSR stated that "no information [was] identified concerning the offense or [Mr. Dominguez] which would warrant a variance from the advisory [G]uideline[s] range." ROA Vol. 2 at 12. Although Mr. Dominguez's only prior criminal conviction was the 2008 sexual abuse offense, described above, he was arrested for First Degree Criminal Sexual Conduct in 2007, but no charges were filed. He was also accused of rape by a coworker in 2006; again, no charges were filed.

2

In an addendum to the PSR, the probation officer stated that, in an evaluation completed by the state of Minnesota, presumably when he was convicted of sexual assault, Mr. Dominguez indicated a low risk of recidivism relative to other adult male sex offenders. However, the addendum also explained that "the available investigative information suggested that the defendant's formal record of arrests and convictions likely represents an underestimate of his actual history of sexual offending," and that accordingly, the Minnesota evaluation "likely represents an underestimate of his risk for future offending." ROA Vol. 2 at 14.

Prior to sentencing, the district court notified the parties that it was considering an upward variance in Mr. Dominguez's case. In response, Mr. Dominguez filed a pleading styled as a "sentencing request," asking the court for a within-Guidelines sentence. In support of his request, Mr. Dominguez provided numerous letters of support from his friends, family, and members of his community.

During the sentencing hearing, the district court reemphasized that it was "considering an upward variance in this case, based on [Mr. Dominguez's] [2008] conviction for molesting his stepdaughter."[1] ROA Vol. 3 at 23. The Government stated it was "fine with a sentence at the high end of the Guideline[s] range in this case," noting

---

[1] The district court refers to Mr. Dominguez's "2007" conviction for sexual assault. According to the PSR, however, Mr. Dominguez was arrested in 2007 and convicted in 2008. We refer to the conviction as occurring in 2008 throughout this decision for consistency with the PSR and distinction from the 2007 allegations of sexual assault made by another stepdaughter, but not charged.

that Mr. Dominguez served 48 months in custody after his 2008 conviction, had no convictions since his release from custody, and is in poor health. *Id.* at 23–24.

Mr. Dominguez reasserted his request for a sentence within the Guidelines sentencing range. He claimed he was "extremely remorseful" for his conduct leading to his 2008 conviction for criminal sexual conduct. *Id.* at 25. He also explained he had been drinking alcohol "substantially" at the time of his prior offense but had stopped drinking since returning to Mexico. *Id.* Additionally, Mr. Dominguez informed the district court he had been recently diagnosed with a tumor in his testicle.[2]

The district court listed in detail the facts it was considering in fashioning an appropriate sentence for Mr. Dominguez, including the parties' filings, the PSR, the length of Mr. Dominguez's sentence for his prior criminal sexual conduct conviction, the nonviolent nature of the reentry offense, the lack of criminal charges in Mexico, letters of support filed on his behalf, his strong family relationships, and the sentencing disparity that could result from an upward variance.

The court further announced that it was "considering all of the [§] 3553(a) factors, including the history of the defendant and the nature and circumstances of the offense" as well as "the need for the sentence imposed to provide just punishment, respect for the law, adequate deterrence, to protect the public, and provide the defendant with treatment." *Id.* at 33–34. This consideration included a review of the offense conduct underlying Mr. Dominguez's 2008 criminal sexual conduct conviction. The court also

---

[2] The district court amended the PSR to reflect Mr. Dominguez's change in health.

considered "the kind of sentences available, the sentencing range, and all United States Sentencing Guideline[s] policies," and "the need to avoid unwarranted sentencing disparities." *Id.* at 35–36. But the court explicitly did not consider the 2007 allegations of sexual assault concerning another stepdaughter or the 2006 allegations of rape because Mr. Dominguez never faced charges for that alleged conduct.

Applying the facts of the case to the § 3553(a) factors, the district court concluded that a Guidelines sentence would be "too low, given the serious nature of [Mr. Dominguez's] history." *Id.* at 35. The court reasoned that a Guidelines sentence would not "adequately deter [Mr. Dominguez]" because his prior sex offense conviction and sentence did not deter him from unlawfully entering the United States. *Id.* The court further found that a Guidelines sentence would not adequately protect the public from Mr. Dominguez, considering evidence that Mr. Dominguez is at risk for recidivism given the circumstances of his criminal sexual conduct conviction and the results of an evaluation indicating that, as it concerns his past criminal sexual conduct, "he minimized his culpability and continued to victimize the victim and saw himself as the victim." *Id.* The court noted that "just punishment and respect for the law requires the Court give a higher sentence because [Mr. Dominguez] reentered the country illegally after committing such a serious sex crime." *Id.* The court also stated that Mr. Dominguez's time-served of 48 months for his criminal sexual conviction "does not fully capture the seriousness of the prior conviction." *Id.* at 36. Finally, while the court stated that in its view there is no sentencing disparity in this case, if such disparity does exist, the court concluded it is "warranted by the particular circumstances of this case." *Id.*

The district court concluded that an upward variance was warranted and sentenced Mr. Dominguez to 36 months' imprisonment, constituting a 15-month upward variance from his Guidelines sentence range. Mr. Dominguez appealed, challenging his sentence as substantively unreasonable.

## II.    DISCUSSION

### A.    Standard of Review

"When reviewing criminal sentences, we apply a standard of reasonableness, which involves both substantial and procedural components." *United States v. Farley*, 36 F.4th 1245, 1249 (10th Cir. 2022) (internal quotation marks omitted). We review the reasonableness of sentencing decisions for abuse of discretion. *United States v. Peña*, 963 F.3d 1016, 1024 (10th Cir. 2020). This standard applies "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). In conducting this review, we consider "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Williams*, 10 F.4th 965, 977 (10th Cir. 2021) (quotation marks omitted). "We do not reweigh the sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019) (internal quotation marks omitted). "Thus, as long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck

the same balance in the first instance." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008).

When a district court "decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. "A 'major' variance should have 'a more significant justification than a minor one.'" *United States v. Lente*, 759 F.3d 1149, 1158 (10th Cir. 2014) (quoting *Gall*, 552 U.S. at 50). However, while we may "take the degree of variance into account" in reviewing the reasonableness of a sentence outside the Guidelines range, we may not "use[] the percentage of a departure as the standard for determining the strength of the justifications required" or create a "presumption of unreasonableness for sentences outside the Guidelines range." *Gall*, 552 U.S. at 47. In fact, we will "uphold even substantial variances when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence." *United States v. Gross*, 44 F.4th 1298, 1304 (10th Cir. 2022) (quotation marks omitted). "Still, we do not just provide a rubber stamp of approval and therefore must determine if the district court's proffered rationale, on aggregate, justifies the magnitude of the sentence." *United States v. Walker*, 74 F.4th 1163, 1202 (10th Cir. 2023) (internal quotation marks omitted).

### B.    *Substantive Unreasonableness*

Mr. Dominguez asserts only a claim of substantive unreasonableness on appeal. Therefore, we will review his sentence only to determine whether the district court's

imposition of a 15-month upward variance was an abuse of discretion, considering all the circumstances of the case. *See Williams*, 10 F.4th at 977.

## 1.    Rationale for Upward Variance

Mr. Dominguez argues the district court abused its discretion by relying solely on the severity of his prior conviction as justification for imposing an upward variance. He claims the district court wrongfully gave dispositive weight to a single factor in its § 3553(a) analysis—his prior criminal sexual conduct conviction. He also asserts the district court gave undue weight to the nature of his prior sex offense, because his prior offense was already accounted for as an element of his conviction under 8 U.S.C. § 1326(b)(2) and as a factor in determining his Guidelines sentencing range.

When imposing sentences, district courts are required to "engage in a holistic inquiry of the § 3553(a) factors," *Lente*, 759 F.3d at 1174 (quotation marks omitted), and to "consider every convicted person as an individual," *Gall*, 552 U.S. at 52 (internal quotation marks omitted). A district court should not rely solely on one § 3553(a) factor without addressing other relevant factors. *See United States v. Walker*, 844 F.3d 1253, 1259 (10th Cir. 2017). Still, "the district court need not afford equal weight to each § 3553(a) factor, and we will defer on substantive-reasonableness review not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." *United States v. Cookson*, 922 F.3d 1079, 1094 (10th Cir. 2019) (internal quotation marks and citation omitted). Where a district court decides to vary, it "properly engages in [the § 3553(a)] inquiry when it bases its decision on specific, articulable facts supporting the variance and does not employ an impermissible

8

methodology or rely on facts that would make the decision out of bounds." *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018).

Here, the district court properly relied on specific, articulable facts and engaged in a proper balancing of the § 3553(a) factors when imposing an upward variance, even though it heavily weighed Mr. Dominguez's prior criminal sexual conduct conviction. The nature of Mr. Dominguez's prior offense necessarily informed the district court's assessment of several § 3553(a) factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). The district court specifically noted that the serious nature of Mr. Dominguez's prior offense, his decision to nevertheless reenter the United States illegally, and his risk of recidivism all informed its evaluation of the § 3553(a) factors and weighed in favor of an upward variance.

Although "[a] district court should not rely solely on one § 3553(a) factor without addressing other relevant factors . . . the district court need not afford equal weight to each § 3553(a) factor." *Walker*, 74 F.4th at 1203 (internal quotation marks omitted); *see also Barnes*, 890 F.3d at 916 ("We look to the record to determine whether the district court satisfactorily engaged and examined the factors in a holistic fashion. But the court need not rely on every single factor."). The district court did not abuse its discretion by considering Mr. Dominguez's prior offense in analyzing multiple factors, nor by placing significant weight on the serious nature of that prior offense.

9

Indeed, the Guidelines themselves anticipate that past criminal conduct may justify a sentence above the Guidelines range. Under U.S.S.G. § 2L1.2(b)(2), where a defendant engaged in criminal conduct resulting in a felony conviction prior to his first order of deportation or removal, his offense level for illegal reentry will increase by an amount calculated based on the length of the sentence imposed for the prior felony conviction. However, comment six to U.S.S.G. § 2L1.2 further explains "[t]here may be cases in which the offense level provided by an enhancement in subsection (b)(2) . . . substantially understates or overstates the seriousness of the conduct underlying the prior offense." When "the length of the sentence imposed does not reflect the seriousness of the prior offense," "a departure may be warranted." U.S.S.G. § 2L1.2 cmt. 6.

Here, Mr. Dominguez received a sentence of 48 months' imprisonment for his 2008 criminal sexual conduct conviction. Thus, he would have the same Guidelines sentencing range of 15 to 21 months, as any other defendant who was sentenced to 48 months' imprisonment for a felony, regardless of the underlying conviction. U.S.S.G. § 2L1.2(b)(2)(B). The Guidelines for illegal reentry, however, allowed the district court to look to the nature of a past offense and the prior sentence in determining whether it reflected the seriousness of that prior conviction. Where it did not, the Guidelines allow the district court to include that information in its assessment of whether the Guidelines sentencing range, based in part on that prior sentence, is appropriate.

Mr. Dominguez further argues that "because, by definition, every single defendant who violates 8 U.S.C. § 1326(b)(2) has committed an aggravated felony and then committed the subsequent criminal act of re-entering the United States," the fact that a

10

reentry offender has a prior aggravated felony is not a rational justification for imposing an upward variance in sentencing. Appellant's Br. at 19. But "[d]istrict courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already accounted for in the advisory [G]uidelines range." *Barnes*, 890 F.3d at 921 (first alteration in original) (quotation marks omitted); *see also Gross*, 44 F.4th at 1304 (holding that the court did not abuse its discretion in considering the defendant's offense conduct when imposing an upward variance, even though a four-level Guidelines enhancement already accounted for the offense conduct); *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) ("To perform their individualizing role, district courts are now allowed to contextually evaluate each § 3553(a) factor, including those factors the relevant [G]uideline(s) already purport to take into account . . . ."). Thus, it was not an abuse of discretion for the district court to impose an upward variance based upon Mr. Dominguez's criminal history. *See, e.g.*, *Lente*, 759 F.3d at 1166–67 (holding that the district court did not err in considering the facts leading to the defendant's multiple arrests in imposing an upward variance, even though the defendant was not assessed any criminal history points).

Indeed, for purposes of sentencing, "[n]o limitation should be placed on the information [a court may consider] concerning the background, character, and conduct of a person." *United States v. Mateo*, 471 F.3d 1162, 1167 (10th Cir. 2006) (first alteration in original) (internal quotation marks omitted). Outside of the conviction itself, we require sentencing courts to "carefully consider the facts contained in the [presentence report] when evaluating the § 3553(a) sentencing factors," including the underlying facts

of prior arrests and convictions. *Id.; see also Gross*, 44 F.4th at 1305. The Guidelines explicitly consider the possibility of upward variances when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). Here, the district court had information that both Mr. Dominguez's criminal history and his risk of recidivism may have been understated.

The Government filed two Rule 28(j) letters pointing us to two cases we recently decided involving claims of substantive unreasonableness in sentencing an illegal reentry defendant. In the first case, *United States v. Malla-Calle*, we affirmed an upward variance in an illegal reentry case when the defendant had a prior conviction for sexual assault of a minor and the district court explained "that although it was accounting for Malla-Calle's 'past behavior in imposing a sentenc[e] that will deter [criminal conduct] and protect the public,' it was 'sentencing [him] only for th[e] crime' of unlawful reentry." No. 22-2074, 2023 WL 4446426, at *5 (10th Cir. July 11, 2023). As the Government notes, the district court here made a similar statement that, "[t]o be clear, I'm sentencing the defendant only for this crime, but I am considering his past behavior in imposing a sentence, pursuant to the 3553(a) factors." ROA Vol. 3 at 36. In a Rule 28(j) letter filed in response to the Government on July 21, 2023, Mr. Dominguez argued *Malla-Calle* is distinguishable because, there, the defendant had likely violated the conditions of his sex offense probation, he had questioned whether the conduct underlying his sex offense was wrong, and the district court had tied its concerns about the offense into a comprehensive review

of the § 3553(a) factors. We are not convinced the cases are dissimilar. Like in *Malla-Calle*, the district court here evaluated Mr. Dominguez's past conduct under all the applicable § 3553(a) factors and we may not reweigh those factors in reviewing his sentence. *See Blair*, 933 F.3d at 1274.

The Government also points to *United States v. Caivinagua-Sanchez*, in which we held the district court did not abuse its discretion by imposing a substantial upward variance for an illegal reentry offense based on the defendant's prior misdemeanor conviction related to sexual abuse of a minor. There, like here, the district court asserted that "the [G]uidelines under-represented the seriousness of [the defendant's] prior offense." No. 22-2128, 2023 WL 4560222, at *6 (10th Cir. July 17, 2023). We concluded that a district court does not abuse its discretion by varying upward when it believes that the Guidelines underrepresent the seriousness of a prior offense, so long as the court explains its reasons. *Id.* at *4, *6. Finally, we emphasized in *Caivinagua-Sanchez*, as we do here, that we are not permitted to simply reweigh the § 3553(a) factors on appeal. *Id.* at *5. Mr. Dominguez has offered no convincing reason to depart from the reasoning of *Caivinagua-Sanchez* and *Malla-Calle* here.

Mr. Dominguez also relies on a Fourth Circuit case, *United States v. Tucker*, to support his assertion that upward variances must be supported by "compelling reasons." 473 F.3d 556, 557 (4th Cir. 2007). But this is not the rule in the Tenth Circuit, and this approach was rejected by the Supreme Court in a separate case mere months after *Tucker*'s publication. *Gall*, 552 U.S. at 47 ("We reject . . . an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range."). In this

13

circuit, "although a district court must provide reasoning sufficient to support the chosen variance, it need not necessarily provide 'extraordinary' facts to justify *any* statutorily permissible sentencing variance, even one as large as the 100% variance in *Gall*." *Smart*, 518 F.3d at 807. We have since expressly rejected Mr. Dominguez's argument, stating, "[t]o the extent that [the appellant] is arguing that we must find 'compelling reasons' to support so large a variance, this approach is no longer permissible" after *Gall* and *Smart*. *United States v. Pinson*, 542 F.3d 822, 837 (10th Cir. 2008) (citation omitted). There is no "mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Gall*, 552 U.S. at 47. Therefore, Mr. Dominguez's argument that his sentence is substantively unreasonable because the district court failed to provide "compelling reasons" for the variance is without merit.

The district court properly considered the seriousness of the 2008 criminal sexual conduct conviction in determining an appropriate sentence for Mr. Dominguez's illegal reentry. And the court acted within its discretion to assess that factor despite it being accounted for in calculating the Guidelines sentencing range.

## 2.     Consideration of Mitigating Factors

Mr. Dominguez further argues that the upward variance imposed by the district court is substantively unreasonable because it fails to consider "substantial mitigating evidence" presented during his sentencing hearing, and therefore "does not reflect a consideration of multiple relevant sentencing factors." Appellant's Br. at 20–21. Specifically, Mr. Dominguez argues that, considering significant mitigating factors, the

14

sentence does not adequately reflect (1) the nature and circumstances of his offense, (2) his history and characteristics, and (3) the unwarranted sentence disparity resulting from the upward variance. However, the district court explicitly analyzed all three of these factors:

> I'm considering all of [Mr. Dominguez's] arguments, including but not limited to . . . that [Mr. Dominguez] was coming back to the United States to seek a better life for himself and his family, as he was having economic problems in Mexico and fleeing violence; that [Mr. Dominguez's] reentry case did not involve violence or drugs; . . . [and] that [Mr. Dominguez] has remained out of the country for 12 years since his last deportation . . . .

ROA Vol. 3 at 32. The court reasoned that these mitigating factors were nevertheless outweighed by other relevant § 3553(a) factors, such as Mr. Dominguez's history and characteristics and the need to deter criminal conduct and to protect the public.

Mr. Dominguez next argues that his sentence "fails to reflect [his] personal history and characteristics." Appellant's Br. at 22. With respect to this factor, Mr. Dominguez notes that he "had been diagnosed with a tumor in his testicle" at the time of sentencing, received significant support from his family and community in the form of letters speaking to his character, was the sole financial support for his family, "lived in Mexico for nearly twelve years without committing any additional crimes, and [had] successfully abstained from the substance use that had contributed to his original offense." *Id.* at 22–23.

Again, the district court expressly analyzed Mr. Dominguez's personal history and characteristics and considered each of the mitigating facts presented by Mr. Dominguez. The court stated:

15

> I'm considering that [Mr. Dominguez] has remained out of the country for 12 years since his last deportation, and there's evidence he's not had any contact with the criminal system in Mexico since that time. I'm considering [Mr. Dominguez] has now remarried and has two stepchildren and a new son. I'm considering [Mr. Dominguez] has stopped consuming alcohol and that that may decrease the chance of him committing further sexual assaults. . . . [Mr. Dominguez] works in Mexico and has the respect of many members of his community and family . . . The Court has considered the argument that [Mr. Dominguez's] family is suffering in his absence, especially his children.

ROA Vol. 3 at 32–33.

While acknowledging these mitigating factors, the court noted that Mr. Dominguez's "history includes the [2008] conviction . . . of sexual assault against his underaged stepdaughter." *Id.* at 33–34. Considering both mitigating and aggravating factors, the court concluded that Mr. Dominguez's history and characteristics weighed in favor of imposing an upward variance. Thus, the district court properly considered the mitigating factors presented by Mr. Dominguez and did not abuse its discretion by nevertheless varying upward.

**3.     Sentencing Disparity**

Finally, Mr. Dominguez argues that his sentence "creates an unwarranted disparity with those of other similarly situated offenders," invoking § 3553(a)(6) and its role in the district court's sentencing determination. Appellant's Br. at 24. Mr. Dominguez cites data from the U. S. Sentencing Commission's Judiciary Sentencing Information ("JSIN") to support the proposition that most offenders with a final offense level of 13 and a criminal history category of II receive an average of 12 months imprisonment, meaning they "receive a *downward* variance or departure, not an *upward* variance." *Id.* As the

Government correctly points out, though, the JSIN statistics cited by Mr. Dominguez are not probative of the question whether the upward variance in his case creates an unwarranted disparity. "[The § 3553(a)(6)] sentencing factor, after all, specifically directs the district court to avoid disparities 'among defendants *with similar records who have been found guilty of similar conduct*.'" *Malla-Calle*, 2023 WL 4446426, at *4 (quoting 18 U.S.C. § 3553(a)(6)). Recall that the Guidelines range for unlawful reentry is based on the length of the sentence received for the prior offense, rather than the conduct underlying the conviction. *See* U.S.S.G. § 2L1.2(b)(2). Thus, district courts must look at the underlying conduct of the prior convictions to properly analyze whether there is an unwarranted sentencing disparity among those found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6); U.S.S.G. § 2L1.2(b)(2) cmt. 6.

The district court explained that, even if there was a sentencing disparity as to other reentry defendants with a prior felony conviction, such disparity was warranted by the seriousness of Mr. Dominguez's prior conviction. "Our sentencing scheme seeks to eliminate not all sentencing disparities, but only 'unwarranted' disparities." *Lente*, 759 F.3d at 1169 (internal quotation marks omitted). "[T]here is no 'mathematical formula that uses the percentage of a [variance] as the standard for determining the strength of the justifications required for a specific sentence.'" *Barnes*, 890 F.3d at 921 (quoting *Gall*, 552 U.S. at 47). Where the data cited by Mr. Dominguez was not comprised of reentry defendants with prior sexual felonies, he has not established an unwarranted disparity.

In further support of his argument, Mr. Dominguez seeks to distinguish his case from three cases in which we upheld substantial upward variances (*Worku*, *Gantt*, and

*Pinson*) and two Tenth Circuit criminal reentry cases in which we upheld upward variances (*Caballero-Anaya* and *Marquez-Pineda*). *United States v. Worku*, 800 F.3d 1195, 1208 (10th Cir. 2015); *United States v. Gantt*, 679 F.3d 1240, 1250–51 (10th Cir. 2012); *Pinson*, 542 F.3d at 836; *United States v. Caballero-Anaya*, 807 F. App'x 837, 843–45 (10th Cir. 2020) (unpublished); *United States v. Marquez-Pineda*, 318 F. App'x 673, 674–76 (10th Cir. 2009) (unpublished). Mr. Dominguez argues that, because these cases involved aggravating factors that are not present in his case, they demonstrate that the district court's justification for an upward variance here is inadequate. But the district court was required to consider the facts and circumstances of Mr. Dominguez's case individually. The absence of a factor present in another defendant's criminal history is simply not relevant to the district court's exercise of its discretion in sentencing Mr. Dominguez.

Further, *Worku*, *Gantt*, and *Pinson* involved upward variances that were substantially longer than the 15-month variance imposed in Mr. Dominguez's case. *Worku*, 800 F.3d at 1198, 1207 (high end of the Guidelines range was 36 months; district court imposed 264-month sentence); *Gantt*, 679 F.3d at 1243–44 (Guidelines sentence was 84 months, the statutory minimum sentence; district court imposed 240-month sentence); *Pinson*, 542 F.3d at 833 (high end of the Guidelines range was 105 months; district court imposed 240-month sentence). *Marquez-Pineda* and *Caballero-Anaya* also involved more significant upward variances than the sentence here. *Caballero-Anaya*, 807 F. App'x at 840 (high-end of the Guidelines range was 21 months; district court imposed 48-month sentence); *Marquez-Pineda*, 318 F. App'x at 674 (high-end of the

18

Guidelines range was 30 months; district court imposed 60-month sentence). "We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50. Where these upward variances were more significant than the 15-month upward variance in Mr. Dominguez's case, as the Government states, it is "unsurprising[], then, if [Mr. Dominguez] could point to aggravating facts present in those cases that are absent here." Appellee's Br. at 20.

The district court properly explained its decision to vary upward and based that decision on appropriate consideration of the § 3553(a) factors. Its weighing of those factors and resulting sentencing decision was substantively reasonable.

### III.  CONCLUSION

Because we conclude the district court did not abuse its discretion, we AFFIRM.

Entered for the Court


Carolyn B. McHugh
Circuit Judge