FILED
United States Court of Appeals
Tenth Circuit

December 22, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYBERT DARIN AHIDLEY,

    Defendant - Appellant.

No. 23-2008
(D.C. No. 2:16-CR-03254-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **EBEL**, and **CARSON**, Circuit Judges.

_____

Defendant Raybert Darin Ahidley appeals his sentence of 24 months of imprisonment followed by 24 months of supervised release imposed for his violation of the terms of his supervised release. He challenges the sentence as substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm his sentence.

In 2016 Defendant pleaded guilty to sexual abuse of a minor in Indian country, *see* 18 U.S.C. §§ 2243(a), 1153, for having sex, while at the age of 29, with a 15-year-old girl

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on the Mescalero Apache reservation. He was sentenced to two years' imprisonment and five years of supervised release. His term of supervision began on November 3, 2017. Over the next five years his supervision was revoked five times and he spent roughly half that time in custody. Then, on October 4, 2022, in the second month of his sixth term of supervision, Defendant was pulled over by an officer who observed him swerving in his car. He failed six out of six field sobriety tests and his breath alcohol concentration (BrAC) measured .25. Also, the arresting officer found Defendant's one-year-old child sitting in his lap and his newborn in the lap of his girlfriend in the passenger seat. He was charged with driving under the influence of alcohol and child abuse.

At his revocation hearing Defendant admitted to violating the terms of his release by committing a federal, state, or local crime and by possessing alcohol. The district court sentenced Defendant to two years' imprisonment—the statutory maximum, *see* 18 U.S.C. § 3583(e)(3) (setting maximum terms of imprisonment upon revocation of supervision); 18 U.S.C. § 3559 (classifying offenses); 18 U.S.C. § 2243(a) (maximum sentence for Defendant's crime of conviction)—and two years' supervised release. Because Defendant's supervised-release offense was a Grade B violation, *see* USSG § 7B1.1(a), and he was in criminal-history category II, the recommended sentence under the Sentencing Commission policy statements was six to twelve months' imprisonment, *see* USSG § 7B1.4(a).

On appeal Defendant argues only that his sentence is substantively unreasonable. Substantive reasonableness "concerns whether the length of the sentence is reasonable in light of the statutory factors under 18 U.S.C. § 3553(a)." *United States v. Adams*, 751

2

F.3d 1175, 1181 (10th Cir. 2014). This proposition applies to revocation of supervised

release as well as initial sentencing on a conviction. *See United States v. McBride*, 633

F.3d 1229, 1231–33 (10th Cir. 2011). In assessing a district court's application of these

factors, we apply a deferential abuse-of-discretion standard. *See id.* at 1232. "To prove

the court abused its discretion, the defendant must show the sentence exceeded the

bounds of permissible choice, such that the sentence is arbitrary, capricious, whimsical,

or manifestly unreasonable." *United States v. Gross*, 44 F.4th 1298, 1302 (10th Cir.

2022) (internal quotation marks omitted). While a sentence within the range suggested by

Sentencing Commission policy statements is presumptively reasonable, a sentence

outside that range is not presumptively unreasonable; instead, the reviewing court must

"give due deference to the district court's decision that the § 3553(a) factors, on a whole,

justify the extent" of any variance from Sentencing Commission policy guidance. *Gall v.

United States*, 552 U.S. 38, 51 (2007).

Here, the district court gave explicit and reasoned consideration to the § 3553(a)

factors in explaining Defendant's sentence. *See United States v. Barnes*, 890 F.3d 910,

917 (10th Cir. 2018) ("A sentence is more likely to be within the bounds of reasonable

choice when the court has provided a cogent and reasonable explanation for it.").

First, the district court considered the "nature and circumstances of the offense,

and the history and characteristics of the defendant." R., Vol. 3 at 41; *see* § 3553(a)(1). It

noted that Defendant's underlying offense was a sex crime, that the violation in this case

"was driving while very intoxicated with two young children in the car," and that

Defendant's history while on supervised release included "numerous" previous

3

violations: "Failure to attend treatment, new charges, drug use, discharge from facilities, failure to attend therapy multiple times, alcohol use." R., Vol. 3 at 41–42.

Second, the district court addressed the factors set forth in § 3553(a)(2). Considering the "need for the sentence imposed to afford adequate deterrence to criminal conduct," the court, observing that Defendant had received multiple guideline sentences in the past, found that another guideline sentence would not be adequate to deter him from crime. R., Vol. 3 at 42; *see* § 3553(a)(2)(B). Considering the need "to protect the public from further crimes of the defendant," the court was "concerned about [Defendant's] alcohol consumption and protecting the public from crimes of [Defendant] like the one that he committed during the violation in this case of very high driving-under-the-influence with children in the car." R., Vol. 3 at 42; *see* § 3553(a)(2)(C). Considering "the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner," the court explained that it "ha[d] attempted to provide the defendant with those things while on supervised release, but it has not worked because [Defendant] continually violates his supervised release, and . . . some of those things are available in the Bureau of Prisons." R., Vol. 3 at 42; *see* § 3553(a)(2)(D).

Third, in reference to §§ 3553(a)(3)–(5), the district court explained that it was considering the guideline range and the policy statements of the Sentencing Commission. R., Vol. 3 at 43.

Finally, considering "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," the

district court found that "there is not an unwarranted sentencing disparity[;] given the number of violations of supervised release[,] it would not be unusual for a defendant to receive an upward variance"; and it added that "[i]f there is any sentencing disparity, it is not unwarranted in this case, given the number of supervised release violations, the frequency with which they happen, and the seriousness of this violation." R., Vol. 3 at 43; *see* § 3553(a)(6). The court also said there was no need to provide restitution. *See* § 3553(a)(7).

We cannot say that the district court's sentencing decision, reached after cogent and reasonable consideration of the § 3553(a) factors, was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Gross*, 44 F.4th at 1302. Defendant's arguments to the contrary are unpersuasive. Defendant argues that his substance abuse is at the root of his problems, that the public could best be protected if he receives substance-abuse treatment, and therefore that the district court abused its discretion by not giving sufficient weight to the opportunity provided by the Mescalero Tribal Court to provide him with substance-abuse treatment "targeted toward Mescalero people." Aplt. Br. at 16. But the court considered and rejected this argument, remarking, "[T]o say there's another place for him to get treatment when he has failed to get treatment so many times in this court—I mean, what's different about Mescalero's treatment versus all the treatment he's walked away from in this case?" R., Vol. 3 at 19–20. It was no abuse of discretion to reject an argument that the availability of substance-abuse treatment justified a more

lenient sentence when Defendant had already violated his previous terms of supervision multiple times, including by failing to attend court-ordered treatment.

Defendant also points to the difficult circumstances of his upbringing and his substance-use disorder as mitigating factors. But while "evidence of a poor upbringing or mental health problems can play a crucial mitigating role," *United States v. Lente*, 759 F.3d 1149, 1173 (10th Cir. 2014) (internal quotation marks omitted), we cannot say that the district court abused its discretion by affording Defendant's mitigating evidence limited weight. "Evidence of childhood trauma, psychological issues, or youthful indiscretion is most powerful when accompanied by signs of recovery," *id.*; but such signs were absent here. As the district court noted, Defendant had already violated the terms of his supervision five times before violating it a sixth time by driving "while very intoxicated with two young children in the car." R., Vol. 3 at 41. Indeed, "otherwise mitigating evidence may be 'double-edged' because it can also indicate a likelihood of recidivism." *Lente*, 759 F.3d at 1173. Defendant's inability to stop consuming alcohol even when his alcohol use had resulted in six violations of his terms of supervised release and his serving years in prison provided more than sufficient justification for the district court's "concern[] about [Defendant's] alcohol consumption and protecting the public from crimes of the defendant like the one that he committed during the violation in this case." R., Vol. 3 at 42. Though Defendant claims that "the best way of addressing [the court's] concern" for public safety and deterrence is to get him into substance-abuse treatment, Aplt. Br. at 17–18, it was not an abuse of discretion for the court to decide

6

instead that a term of incarceration longer than the recommended policy guidelines would better serve those ends.

Defendant also argues that while the nature and circumstances of his offense were "serious," they were not "egregious," as this was the first time he had violated his supervision by committing a new offense and because his act was not violent nor did he flee from the police. *Id.* at 14. But the district court was well within the bounds of its discretion to find his conduct to be a serious offense and to accord it heavy weight in imposing Defendant's sentence. *See Barnes*, 890 F.3d at 915 ("We give substantial deference to the district court's weighing of [the § 3553(a)] factors.").

Perhaps Defendant's weakest argument is that the district court should have afforded more mitigating weight to his acceptance of responsibility at the revocation hearing. As the government points out, the sincerity of his acceptance of responsibility was highly questionable. Though he admitted he "screwed up bad this time," R., Vol. 3 at 25, he also claimed that he was swerving to avoid potholes, not because he was drunk; that he wasn't very drunk at the time; that the officer who arrested him was "petty," *id.* at 28; and that he didn't know why the breathalyzer gave such a high BrAC.

Finally, Defendant argues that the district court should not have ordered more time on supervised release. Sentencing courts imposing supervised release are instructed to consider the § 3553(a) factors just as when imposing a sentence of incarceration. *See United States v. Johnson*, 529 U.S. 53, 59–60 (2000). For the same reasons that there was no abuse of discretion in the district court's imposition of Defendant's sentence of

incarceration, there was no abuse of discretion in imposing an additional two years of supervision upon his release from prison.

In sum, "giv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" Defendant's sentence, *Gall*, 552 U.S. at 51, we reject the Defendant's argument that his sentence was substantively unreasonable.

The Defendant's sentence is **AFFIRMED**.

Entered for the Court

Harris L Hartz, Circuit Judge