FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 26, 2024**

Christopher M. Wolpert
Clerk of Court

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

YELSON ISAAC RODAS-HERNANDEZ,

    Defendant - Appellant.

No. 23-2074
(D.C. No. 2:22-CR-01552-MIS-1)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Defendant Yelson Rodas-Hernandez, a citizen of Honduras, was deported on January 12, 2022, after being convicted of assaulting a federal employee. On June 22, 2022, he was again found in the United States. He pleaded guilty to illegal reentry after deportation, *see* 8 U.S.C. § 1326, and was sentenced to 38 months' imprisonment. On appeal he argues that the district court abused its discretion in

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1

varying upward from the guideline sentence and that as a result his sentence was substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.        BACKGROUND

The presentence investigation report (PSR) assigned Defendant three criminal-history points for his assault conviction and an additional two points for committing his reentry offense while serving a term of supervised release. His base offense level was 8, which was increased by 6 under U.S.S.G. § 2L1.2(b)(2)(C) because of his assault conviction, and reduced by 2 for pleading guilty. His resulting guideline sentencing range was 15 to 21 months.

At Defendant's sentencing hearing the district court announced it was considering an upward variance "given Mr. Rodas' criminal history" and invited comments from the parties before making any decisions. Aplt. App. at 93. The government requested a sentence at the high end of the guideline range. Defense counsel asked the court to consider that Defendant's assault was committed when he was only 17. Counsel further noted that Defendant came from one of the most dangerous parts of Honduras and had a troubled family life growing up there, that he reentered the United States to reunite with his mother, and that deterrence would not be served by a higher sentence. When Defendant was given an opportunity to speak, the court expressed its concern about the assault he committed. Defendant responded that the accusations against him were false, essentially saying that the female victim had been pursuing him. Before imposing sentence, the district court said that it had considered the statements by Defendant and his attorney and then addressed the

18 U.S.C. § 3553(a) factors. It varied above the guidelines, imposing a sentence of 38 months.

## II.    DISCUSSION

We first review a short procedural-reasonableness argument made by Defendant at the end of his brief on appeal. Defendant contends that "the Court failed to address Mr. Rodas' humanitarian motives for reentrance and the potential mitigation that those circumstances carry," and argues that such a failure to "address that portion of Mr. Rodas argument constituted procedural error." Aplt. Br. at 20. But the factual basis of this argument is contradicted by the record. The district court in fact did address defense counsel's short "humanitarian" argument, saying: "I've considered the arguments regarding why the defendant returned to the country and his family problems. I've considered the arguments from Defense Counsel about the conditions in Honduras and the difficulties the Court faces when trying to deter Hondurans from coming to the country." Aplt. App. at 97–98. This paraphrase of Defendant's argument was more than adequate to show that the district court considered the argument.

Defendant's principal argument on appeal is that his sentence was not substantively reasonable. Substantive reasonableness "concerns whether the length of the sentence is reasonable in light of the statutory factors under 18 U.S.C. § 3553(a)." *United States v. Adams*, 751 F.3d 1175, 1181 (10th Cir. 2014). In assessing a district court's application of these factors, we apply a deferential abuse-of-discretion standard. *See United States v. Gross*, 44 F.4th 1298, 1301 (10th Cir. 2022) "To prove

Page **3**

the court abused its discretion, the defendant must show the sentence exceeded the bounds of permissible choice, such that the sentence is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* at 1302 (internal quotation marks omitted). Although an appellate court may apply a presumption of reasonableness to a sentence within the guidelines range, a sentence outside that range is not presumptively unreasonable; instead, the reviewing court must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, the district court gave explicit and reasoned consideration to the § 3553(a) factors in explaining Defendant's sentence. *See United States v. Barnes*, 890 F.3d 910, 917 (10th Cir. 2018) ("A sentence is more likely to be within the bounds of reasonable choice when the court has provided a cogent and reasonable explanation for it.").[1] Defendant's arguments ultimately boil down to a disagreement with how the district court weighed the factors, noting that the PSR already adjusted the base offense level to account for his assault conviction, *see* Aplt. Br. at 17, and that the court's reliance on a "single instance of criminal conduct, committed when [Defendant] was a minor, is insufficient to justify" the sentence imposed, *id*. at 19. But this court does "not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them anew."

---

[1] To the extent Defendant argues his sentence is procedurally unreasonable because the district court failed to adequately explain its sentencing decision, that challenge is meritless.

*Gross*, 44 F.4th at 1305 (internal quotation marks omitted). Further, "district courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already accounted for in the advisory guidelines range." *Barnes*, 890 F.3d at 921 (brackets and internal quotation marks omitted).

We cannot say that the district court's sentencing decision, reached after cogent and reasonable consideration of the § 3553(a) factors, was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Gross*, 44 F.4th at 1302 (internal quotation marks omitted). In light of the district court's supportable findings regarding the seriousness of Defendant's offense of returning to the United States after conviction for a violent crime, the short time between Defendant's deportation and reentry, and the failure of Defendant's prior 15-month sentence to deter him from committing further crimes, the sentence imposed easily satisfies the abuse-of-discretion standard.

We reject Defendant's substantive-reasonableness challenge to his sentence.

III.   CONCLUSION

We **AFFIRM** Defendant's sentence.

Entered for the Court

Harris L Hartz
Circuit Judge