FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RODRIGO JAVIER DIAZ-DE LA CRUZ,
a/k/a Jose T. Gonzalez,

    Defendant - Appellant.

No. 23-5055
(D.C. No. 4:21-CR-00545-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Rodrigo Javier Diaz-De la Cruz pleaded guilty to illegally reentering the

United States after having been previously removed.  *See* 18 U.S.C. § 1326.  His

Pre-Sentence Investigation Report assessed an offense level of 15 and a criminal

history category of II, yielding a guideline sentencing range of 21-27 months in

prison.  De la Cruz moved for both a downward departure and a downward variance.

The district court denied a departure, granted a two-level downward variance, and

_____

[*] After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced De la Cruz to 18 months in prison. De la Cruz appealed, indicating he intended to challenge the procedural and/or substantive reasonableness of his sentence. His counsel, however, filed a brief under *Anders v. California*, 386 U.S. 738 (1967), contending there are no nonfrivolous issues to appeal and seeking permission to withdraw. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we grant counsel's motion to withdraw and dismiss the appeal.

## I

*Anders* permits "counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

> [C]ounsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citations omitted). De la Cruz's counsel filed an *Anders* brief and served it on both the government and De la Cruz. We notified De la Cruz of his opportunity to file a pro se response, but neither he nor the government responded. Based on our review, we agree with counsel that there are no nonfrivolous issues to appeal.

## II

Counsel identifies two potential issues relating to the procedural and substantive reasonableness of De la Cruz's sentence. "[W]e review all sentences— whether inside, just outside, or significantly outside the Guidelines range—under a

2

deferential abuse-of-discretion standard." *United States v. Gross*, 44 F.4th 1298, 1301 (10th Cir. 2022) (internal quotation marks omitted). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). "While a case involving a departure (and thus the question of guidelines application) opens the door to a procedural reasonableness challenge, we review a variance for substantive reasonableness." *United States v. Kaspereit*, 994 F.3d 1202, 1214 (10th Cir. 2021).

Counsel first correctly points out that any procedural challenge to the discretionary denial of a downward departure would fall outside the scope of our jurisdiction. *See United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005) ("This court has no jurisdiction . . . to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure.").

"The only [jurisdictional] exception is if the denial [of a departure] is based on the district court's interpretation of the Guidelines as depriving it of the legal authority to grant the departure." *United States v. Dawson*, 90 F.4th 1286, 1292-93 (10th Cir. 2024) (internal quotation marks omitted). That exception does not apply here. De la Cruz sought a departure under United States Sentencing Guidelines Manual § 2L1.2, cmt., appl. n.7 (U.S. Sentencing Comm'n), which permits a departure based on time served in state custody. "Such a departure should be

3

considered only in cases where the departure is not likely to increase the risk to the public from further crimes of the defendant." *Id.* Among other things, "the court should consider . . . whether the defendant engaged in additional criminal activity after illegally reentering the United States [and] the seriousness of any such additional criminal activity." *Id.* The district court considered these factors and determined that a departure was inappropriate because it was likely to increase the risk to the public from further crimes of De la Cruz. Further, the district court pointed out that, after illegally reentering the United States, De la Cruz committed a serious state offense—trafficking in heroin. Under these circumstances, the district court did not misunderstand its authority to grant or deny a departure.

Second, counsel correctly contends there are no nonfrivolous issues regarding the district court's substantive decision to grant a downward variance. De la Cruz conceded that the applicable guidelines range was 21-27 months in prison, but he requested a downward variance to time served because he had been in federal custody for over five months and in state custody for 26 months. He claimed a variance would avoid any sentencing disparity caused by his federal prosecution being delayed until after his state sentence was imposed, which he asserted deprived him of the opportunity to seek concurrent state and federal sentences. He also urged the district court to grant a variance on the grounds that he reentered the United States for economic reasons and the guidelines overrepresented his criminal history.

The district court agreed De la Cruz's circumstances warranted a slight downward variance, particularly because the guidelines overrepresented his criminal

4

history.  The district court considered the sentencing factors set forth at 18 U.S.C.

§ 3553(a) and reduced the applicable offense level by two, which yielded a guideline

range of 15-21 months.  The district court then sentenced De la Cruz to 18 months in

prison.  This is not an unreasonable sentence.  *See United States v. Sayad*, 589 F.3d

1110, 1116 (10th Cir. 2009) ("[A] . . . sentence is substantively unreasonable only if

it is arbitrary, capricious, whimsical, or manifestly unreasonable.").  The district

court carefully weighed the § 3553(a) factors, including the nature of De la Cruz's

unlawful-reentry offense, his criminal history, and his personal characteristics.  The

district court also explained that it sought to impose a sentence to provide adequate

deterrence, promote respect for the law, provide a just punishment, and protect the

public, mindful of sentencing disparities.  Affording due deference to the district

court's decision that the § 3553(a) factors warranted the variance, any challenge to

the substantive reasonableness of De la Cruz's sentence would have been frivolous.

III

Based on our review of the record, we find no other arguably meritorious

claims.  Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge