**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACQUELINE YADIRA CHAIREZ,

Defendant - Appellant.

_____

FILED
United States Court of Appeals
Tenth Circuit

**August 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

No. 24-2026
(D.C. No. 2:23-CR-01529-KG-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.[**]

_____

Defendant Jacqueline Yadira Chairez appeals the district court's decision to revoke her probation. For the reasons stated below, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

I.

Defendant pleaded guilty to one count of Bulk Cash Smuggling in violation of 31 U.S.C. § 5332(a)(1).[1]  For her crimes, the United States District Court for the Western District of Texas sentenced Defendant to three years' probation and later transferred Defendant's supervision to the District of New Mexico.

As a mandatory condition of Defendant's probation, the district court prohibited Defendant from using any controlled substance.  As a standard condition of Defendant's probation, the district court prohibited Defendant from "own[ing], possess[ing], or hav[ing] access to a firearm."  And, as a special condition of Defendant's probation, the district court prohibited Defendant from "us[ing] or possess[ing] alcohol."  Defendant violated each of these conditions.  During a search of defendant's home, law enforcement discovered two firearms with ammunition.  Defendant also tested positive for cocaine and alcohol.  Defendant admitted to the district court that she violated these conditions, and so the district court revoked Defendant's probation, committing her to eighteen months' imprisonment.  Defendant now challenges the district court's revocation of her probation and her sentence.

---

[1] 31 U.S.C. § 5332(a)(1) prohibits knowing concealment and transport of more than $10,000 across a United States border with the intent to evade a currency reporting requirement.

2

II.

We review for abuse of discretion a district court's decision to revoke probation. United States v. Metzener, 584 F.3d 928, 932 (10th Cir. 2009) (citing United States v. Hammonds, 370 F.3d 1032, 1034 (10th Cir. 2004)). Similarly, we review the sentence a district court imposes for abuse of discretion "whether the district court impose[d] a sentence within or outside the advisory Guidelines range." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (citing United States v. Munoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008)). Defendant bears the burden of persuasion—to demonstrate "'the sentence exceeded the bounds of permissible choice,' such that the sentence is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" United States v. Gross, 44 F.4th 1298, 1302 (10th Cir. 2022) (quoting United States v. Garcia, 946 F.3d 1191, 1211 (10th Cir. 2020)).

Defendant admits she violated her probation but argues the district court erred by revoking her probation and sentencing her without considering her post-sentencing conduct and mitigating circumstances. We disagree.

To the extent Defendant claims the district court erred by revoking her probation, we reject her argument but do not reach the merits. In this circuit, if a defendant does not raise an argument in the district court, we require the defendant to present the issue under the plain error framework. United States v. Lamirand, 669 F.3d 1091, 1000 n.7 (10th Cir. 2012) (quoting Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1127–28 (10th Cir. 2011)). But if a defendant fails to argue for plain error, we deem the issue waived. Id. (quoting Richison, 634 F.3d at 1127–28) ("the failure to

argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court."). Here, Defendant never objected to the district court's decision to revoke her probation. So because Defendant fails to argue for plain error on appeal, she waives the issue, and we decline to review it.

Defendant also claims the district court erred in determining her ultimate sentence because it did not consider her post-sentencing conduct and mitigating circumstances. But Defendant does not explain what post-sentencing conduct the court failed to consider, nor does she articulate why the district court abused its discretion by purportedly failing to consider her conduct or other mitigating circumstances. Without such an explanation, Defendant has not borne her burden of persuasion and fails to demonstrate that her post-sentencing conduct and mitigating circumstances place her sentence beyond "the bounds of permissible choice." Gross, 44 F.4th at 1302 (quoting Garcia, 946 F.3d at 1211).

Even if Defendant had explained how she believes the district court erred, her argument would still lack merit. The district court clearly articulated its reasons for imposing an eighteen-month sentence, focusing on Defendant's post-sentencing conduct: Defendant had a "pattern of violating conditions of [probation]" and lied to her probation officer about "getting rid of" her firearms. That the firearm "ended up [in] the hands of [Defendant's] daughter" in Defendant's attempt to conceal her probation violation also influenced the district court. In sum, the district court concluded Defendant's sentence "accomplished the goals of sentencing, promoted

4

respect for the law and the orders of the court, and kept the public safe, including Defendant's own children." (Cleaned up).

Because the district court expressed a clear basis for Defendant's sentence, and because Defendant fails to articulate how the district court abused its discretion, we cannot conclude the district court acted in an "arbitrary, capricious, whimsical, or manifestly unreasonable" manner. Gross, 44 F.4th at 1302 (quoting Garcia, 946 F.3d at 1211).

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge