**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLIVE ANTHONY ROBINSON,

Defendant - Appellant.

No. 23-2129
(D.C. No. 2:22-CR-00924-MIS-1)
(D. N.M.)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLIVE ANTHONY ROBINSON,

Defendant - Appellant.

No. 23-2130
(D.C. No. 2:22-CR-01039-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.

_____

[*]     Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

_____

This appeal involves the length of two sentences imposed on Mr. Clive Robinson. While Mr. Robinson was on supervised release, he was convicted of illegal reentry and had his supervised release revoked. For the conviction and revocation, the court sentenced Mr. Robinson to consecutive terms at the top of the guideline range: 46 months for illegal reentry and 18 months for the revocation of supervised release. Mr. Robinson appeals, arguing that the prison terms were substantively unreasonable.

Because the prison terms fell within the guideline ranges, we presume that the sentences were substantively reasonable. *United States v. Jackson*, 82 F.4th 943, 952 (10th Cir. 2023). That presumption, however, can be rebutted. *See id.* In determining whether Mr. Robinson has rebutted the presumption, we consider whether Mr. Robinson has shown an abuse of discretion. *See id.* at 949. We will find an abuse of discretion only if either sentence was "arbitrary, capricious, whimsical, or manifestly unjust." *United States v. Kaspereit*, 994 F.3d 1202, 1207 (10th Cir. 2021).

In urging an abuse of discretion, Mr. Robinson challenges the adequacy of the court's explanations for the sentences. For this challenge, we require only a general statement of the reasons because the sentences had fallen within the guideline ranges. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007) (sentence following a conviction);

2

*United States v. McBride*, 633 F.3d 1229, 1234 (10th Cir. 2011) (sentence following revocation of supervised release). The court did provide a general statement of reasons.

For the conviction itself, the court adopted the factual findings in the presentence report, referred to the statutory factors, recited the offense level and criminal history, and noted multiple felony convictions prior to the unlawful reentry.

For the sentence following the revocation of supervised release, the court noted that Mr. Robinson had violated the conditions, found the commission of a new crime while on supervised release, referred to the statutory factors, and recited the criminal history.

In addition, Mr. Robinson argues that the district court appeared to rely on criminal history even though the guideline range had already factored into the criminal history. But the court can vary upward based on facts that had already contributed to the guideline range. *United States v. Gross*, 44 F.4th 1298, 1304 (10th Cir. 2022).

Finally, Mr. Robinson points to national statistics reflecting frequent downward departures and variances in similar circumstances. Based on these statistics, Mr. Robinson argues that the district court failed to consider unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(6). But the sentences fell within the guideline ranges. And in any case where "the district court correctly computed and carefully considered the [g]uidelines

3

range," we consider this to demonstrate the district court "'necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.'" *United States v. Garcia*, 946 F.3d 1191, 1215 (10th Cir. 2020) (quoting *United States v. Franklin*, 785 F.3d 1365, 1371 (10th Cir. 2015)). So the national statistics don't show a failure to consider unwarranted sentencing disparities.

\* \* \*

In our view, the district court didn't abuse its discretion in sentencing Mr. Robinson within the guideline ranges for his conviction and revocation of supervised release. So we affirm the sentences.

Entered for the Court


Robert E. Bacharach
Circuit Judge