FILED
United States Court of Appeals
Tenth Circuit

January 16, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS SALAS-SAUCEDO,

    Defendant - Appellant.

No. 24-2082
(D.C. No. 2:24-CR-00381-MIS-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT*
_____

Before **MATHESON**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

Jesus Salas-Saucedo, a citizen of Mexico, pled guilty to unlawful re-entry into

the United States and was sentenced to 14 months in prison. He appeals his sentence.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

In March 2024, U.S. Border Patrol agents found Mr. Salas-Saucedo hiding in

the desert near Santa Teresa, New Mexico. He admitted to being a Mexican citizen

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

and having no legal authorization to enter or remain in the United States. He had been previously deported in 2008 after serving a six-year sentence for aggravated sexual assault on a child. He entered a plea of guilty to one count of unlawful re-entry in violation of 8 U.S.C. § 1326. Given Mr. Salas-Saucedo's prior conviction, the maximum prison sentence for such a violation is 20 years. § 1326(a) & (b)(2).

In advance of Mr. Salas-Saucedo's sentencing hearing, the probation office prepared a presentence investigation report (PSR), calculated a guideline range of 21 to 27 months based in part on the sexual assault conviction. Later, the probation office issued an amended PSR because Mr. Salas-Saucedo's release from custody on that conviction, in December 2008, occurred three months outside the 15-year lookback period under U.S.S.G. § 4A1.2(e)(1). Accordingly, the amended PSR corrected the guideline range to 0 to 6 months. The amended PSR further noted Mr. Salas-Saucedo is married with three children, that his wife was then pregnant with their fourth child, and that his family was financially dependent on him. Mr. Salas-Saucedo also submitted paperwork reflecting his university enrollment and a letter from detention center personnel describing him as a model inmate.

Prior to the sentencing hearing, the district court notified the parties it was contemplating an upward variance. The government requested a 13-month sentence based on the seriousness of the sexual assault conviction, while Mr. Salas-Saucedo argued for a sentence of time served.

Despite the advisory sentencing guideline range of 0 to 6 months, the court varied upward to a 14-month sentence. In doing so, the district court explained that it

2

considered all of Mr. Salas-Saucedo's arguments, including the six years he served on the sexual assault conviction, his educational and work accomplishments upon his return to Mexico, his family circumstances, and his exemplary conduct in the detention center.

The court also considered the § 3553(a) factors, several of which centered on Mr. Salas-Saucedo's sexual assault conviction. For example, concerning the need to afford adequate deterrence and protect the public, the court noted that Mr. Salas-Saucedo's six-year sentence and lifetime registration as a sex offender were evidently inadequate to deter him from illegally returning to the United States. In imposing the 14-month sentence, the judge stated: "To be clear, I'm only considering [the sexual assault conviction] in [the context of] the [18 U.S.C. §] 3553(a) factors. I'm not resentencing for anything that may have happened in that case." R. vol. 3 at 13.

## II. Discussion

Mr. Salas-Saucedo argues the 14-month sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). To establish an abuse of discretion, Mr. Salas-Saucedo "must show the sentence exceeded the bounds of permissible choice, such that the sentence is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Gross*, 44 F.4th 1298, 1302 (10th Cir. 2022) (internal quotation marks omitted).

3

In reviewing an upward variance, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Peña*, 963 F.3d 1016, 1029 (10th Cir. 2020) (internal quotation marks omitted). Mr. Salas-Saucedo argues this court should reweigh the § 3553(a) factors, but there is longstanding precedent that prohibits this court from doing so.[1] *See, e.g.*, *United States v. Lawless*, 979 F.3d 849, 856 (10th Cir. 2020) ("[R]eweighing the [§ 3553(a)] factors is beyond the ambit of our review."). Rather than reweigh the sentencing factors, we "instead ask whether the sentence fell within the range of rationally available choices that [the] facts and the law at issue can fairly support." *United States v. Ware*, 93 F.4th 1175, 1180 (10th Cir. 2024) (internal quotation marks omitted).

Based on our review of the record, the sentence imposed was within the bounds of permissible choice. The sentencing court took into account Mr. Salas-Saucedo's circumstances, including his family situation and financial needs, his education and employment, his conduct in the detention center, and his lack of any history of drug or alcohol abuse. The sentencing court also carefully

---

[1] In arguing that we may reweigh the § 3553(a) factors, Mr. Salas-Saucedo says our precedent requires us to review an upward variance based on "the extent of the deviation" and "the justification for the variance." Aplt. Opening Br. at 13. But this quoted language comes from *Gall v. United States*, 552 U.S. 38, in which the Supreme Court explained that for a variant sentence, *the sentencing judge* "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. As for appellate courts, *Gall* directed that the "fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* at 51.

considered and weighed the relevant § 3553(a) factors, including "the need to protect the public from further crimes of the defendant." R. vol. 3 at 14. While it is true the sentencing court placed significant weight on Mr. Salas-Saucedo's 2003 conviction in its consideration of the § 3553(a) factors, that does not amount to an abuse of discretion. *See Gross*, 44 F.4th at 1305 (finding no abuse of discretion in the court's basing its consideration of four § 3553(a) factors on the defendant's criminal history). Indeed, we have affirmed sentences in similar cases in which the sentencing court emphasized the need to protect the public as part of its justification for an upward variance. *See Peña*, 963 F.3d at 1029 (listing cases); § 3553(c)(2) (requiring the court to state "the specific reason for the imposition of a sentence" outside the guideline range). In short, the record reflects that the court provided a reasonable basis for concluding that a 14-month sentence was necessary to meet the purposes of sentencing.

Mr. Salas-Saucedo argues that although the sentencing judge said she was considering the 2003 conviction only in the context of the § 3553(a) factors and was not resentencing him for the sexual assault conviction, we should not take her at her word. He argues the sentencing court's consideration of the § 3553(a) factors, which focused almost entirely on the 2003 conviction, was a mere pretext for the imposition of additional punishment, and therefore an abuse of discretion. But the sentencing court cannot be faulted for having considered the 2003 sexual assault conviction, which § 3553(a)(1) required her to do as part of Mr. Salas-Saucedo's history. Further, the record reflects that the court considered all of Mr. Salas-Saucedo's

5

history and characteristics—both positive and negative—as required by § 3553(a). R. vol. 3 at 14 (acknowledging "all of the good things that [Mr. Salas-Saucedo] has done" as part of his history and characteristics).

Similarly, Mr. Salas-Saucedo contends the sentencing court's upward variance violated the Eighth Amendment's prohibition of cruel and unusual punishment and the Fifth Amendment's protection against double jeopardy. But he cites no case law to support his assertion that increasing a sentence based on a defendant's criminal history is unconstitutional. Indeed, the Supreme Court has long recognized that the government not only has an interest in punishing the offense of conviction, but also "in dealing in a harsher manner with those" defendants who have a criminal history. *Rummel v. Estelle*, 445 U.S. 263, 276 (1980).

Finally, Mr. Salas-Saucedo argues the sentencing judge falsely suggested he did not remember committing the 2003 sexual assault, thus illustrating the judge's "blindness created by her passion" to further punish Mr. Salas-Saucedo for the 2003 conviction. Opening Br. at 10-11. But the sentencing judge did no such thing. Instead, the sentencing judge asked Mr. Salas-Saucedo whether he had taken any rehabilitative classes during his incarceration for sexual assault. Mr. Salas-Saucedo's responses made clear he did not remember taking any such classes while in prison— not that he did not remember committing the crime. When Mr. Salas-Saucedo's counsel asked the court to hold sentencing in abeyance in order for her to investigate whether Mr. Salas-Saucedo had in fact taken any such classes, the court responded: "[E]ven if he had had classes . . . he's not retained anything . . . it's not whether or

6

not he took a class . . . it's whether he knows anything now that he didn't know then about molesting children." R. vol. 3 at 17. The sentencing judge reasonably took this into account in assessing "the need . . . to protect the public from further crimes of the defendant." § 3553(a)(2)(C).

### III. Conclusion

We hold that the sentencing court acted well within its discretion in imposing a 14-month sentence. Accordingly, we affirm.

Entered for the Court

Carlos F. Lucero
Circuit Judge